IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

STRAIGHT ARROW CONSTRUCTION COMPANY, INC.,     (Chapter 7)

Debtor.     Case No. 04-17056

MEMORANDUM DECISION

The parties have stipulated to the following facts and ask that the trustee's objections to the claims of Construction Fabrics & Materials (hereinafter "CFM") and Skalitzky Sod Farms (hereinafter "Skalitzky") be decided on briefs: Straight Arrow, the debtor, was a contractor on a public project under CJ Moyna & Sons, Inc. (hereinafter "CJ Moyna Project"). CFM contracted with Straight Arrow to supply materials on the CJ Moyna Project. CFM filed a proof of claim for $89,636.71, which identifies $89,510.69 as being "secured" by funds in trust under Wisconsin Statutes section 779.16. That claim is for materials CFM supplied to Straight Arrow. The claim includes $31,421.79 for materials on the CJ Moyna Project and for which CFM has not received payment. The trustee has received a check from CJ Moyna & Sons for $41,000.00 for Straight Arrow's work on the CJ Moyna Project. CFM is the only creditor that has filed a proof of claim that asserts secured status under section 779.16 with respect to the proceeds from the CJ Moyna Project. The trustee claims no offset.

Skalitzky contracted with Debtor to provide services and to supply materials on various projects. Skalitzky's claim is for an unsecured amount of $6,494.79 and a secured amount of $61,884.00. The secured portion falls under section 779.16 as money for labor and materials

1

Skalitzky supplied to Debtor on public construction projects. The Trustee collected approximately $124,640.00 in receivables of the Debtor. Of that amount, $5,295.28 is traceable to projects upon which Skalitzky worked.[1] The trustee claims no offset.

Wisconsin Statute section 779.16, "Theft by contractors," provides,

> All moneys, bonds or warrants paid or to become due to any prime contractor or subcontractor for public improvements are a trust fund only in the hands of the prime contractor or subcontractor to the amount of all claims due or to become due or owing from the prime contractor or subcontractor for labor, services, materials, plans, and specifications performed, furnished, or procured for the improvements, until all the claims have been paid, and shall not be a trust fund in the hands of any other person.

In In re Don's Electric, Inc., this court held that "[t]he law is clear that the trust is created only with respect to funds actually in the hands of the prime contractor" and noted that "[i]t is undisputed that none of the funds in dispute ever came into Don's [the contractor's] possession. Under Wisconsin law the funds held by Don's trustee in bankruptcy are not considered to be held by Don's so as to create the statutory trust." 65 B.R. 399, 402 & n.6 (Bankr. W.D. Wis. 1986). The court relied on Visser v. Koenders. 6 Wis. 2d 535 (1959). The Visser court said that the "principal condition" for a trust to be created is "that the money shall have been paid to the contractor by the owner." Id. at 537. The Wisconsin Supreme Court held that a trust was not created in Visser because there were not facts sufficient to meet the principal condition. Id. at 537–38.

However, in Wisconsin Dairies the Wisconsin Supreme Court overruled Visser. Wisconsin Dairies v. Citizens Bank & Trust, 160 Wis. 2d 758 (1991). Wisconsin Dairies ruled on section 779.02(5), but considered section 779.16 and specifically overruled Visser. Id. at 769.

---

[1] The trustee collected $765.07 from the "Frank Bros." Project, and expects to collect $4,530.21 from the "Zignego" Project.

In Wisconsin Dairies, the owner did not make payments directly to the prime contractor and instead deposited the money with the clerk of court. Id. at 760. The court held "that the trust fund statute does not require direct payment from an owner to a contractor." Id. Consequently, the court found that the clerk held the money in trust and that the subcontractors were entitled to the money. Id. at 760–61. It went on to say that "[t]o the extent that *Visser* is interpreted to require direct payment from the owner to the contractor, it is overruled." Id. at 769.

The Wisconsin Supreme Court was critical of the way Visser has been interpreted by the bankruptcy courts. The court said, "Although the determinative factor in *Visser* was that there was no payment of any kind made by the owner, the decision has been consistently interpreted in bankruptcy proceedings as requiring direct payment by the owner to the contractor in order for a trust to be created." Id. at 765. The court noted that Don's Electric narrowly construed the trust fund statute, pointing out that the bankruptcy court's interpretation of Visser both "limits the ability of subcontractors to get paid and encourages subcontractors to file liens against owners, thereby potentially subjecting owners to double payment." Id.

The trustee acknowledges that Wisconsin Dairies is contrary to Don's Electric, but argues that the bankruptcy court does not need to follow that case. The trustee argues that Wisconsin Dairies analyzes section 779.02(5), not section 779.16, which is at issue in the instant case, and that the holding in Wisconsin Dairies should be limited to its facts.

We decline the trustee's invitation to ignore the Wisconsin Supreme Court. The United States Supreme Court has held that there should be "[u]niform treatment of property interests by both state and federal courts within a State" and that "the justifications for application of state law . . . apply with equal force to security interests . . . ." Butner v. United States, 440 U.S. 48, 55 (1979). The opinion in Wisconsin Dairies suggests that the court intended its holding to

3

apply in bankruptcy proceedings. As <u>Wisconsin Dairies</u> provides a clear statement of the state laws affecting property that we address in this dispute, there is no justification for ignoring it.

Following <u>Wisconsin Dairies</u>, we must find that funds in the hands of the trustee may constitute a trust for the benefit of the subcontractors. It remains to decide which subcontractor(s) is (are) entitled to the funds. To do so, it is necessary for claimants to trace their claims from the material supplied to a particular job to the funds the trustee has been paid on that same job. See <u>W.H. Major & Sons v. Krueger</u>, 124 Wis. 2d 284, 297 (Ct. App. 1985). The trustee has recovered $41,000.00 for Straight Arrow's work on the CJ Moyna Project, and CFM provided $31,421.79 worth of materials for that project. No other creditor has filed a proof of claim for work done on the CJ Moyna Project. Therefore, CFM's claim is secured in the amount of $31,421.79. As for Skalitzky's claims, it is unclear which portions are secured. The trustee has collected $765.07 for the Frank Bros. Project and expects to collect $4,530.21 for the Zignego Project. Skalitzky provided labor and/or materials for both projects, but has not specified the value thereof.

The trustee's objection to the creditors' claims is denied in part and granted in part. The funds held by the trustee constitute a trust under section 779.16 for the benefit of the subcontractors. The creditors' claims are secured only to the extent that the funds are traceable to specific projects on which those creditors worked, and only to the extent that the funds from those projects are in the hands of the trustee. If there remain disputes as to which debts are

secured by trust funds, an evidentiary hearing may be had at the request of any party made within 60 days of the docketing of this decision. It may be so ordered.

Dated: March 13, 2008

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

STRAIGHT ARROW CONSTRUCTION COMPANY, INC.,            (Chapter 7)

Debtor.                                                Case No. 04-17056

ORDER

The Court having reached the conclusions of law contained in the memorandum decision filed this date, it is hereby ORDERED

1. The Trustee's objection to the claims of Construction Fabrics & Materials and Skalitzky Sod Farms is GRANTED in part and DENIED in part;

2. The claims of Construction Fabrics & Materials and Skalitzky Sod Farms are secured to the extent the claims are attributable to specific projects and money from those projects is in the hands of the Trustee;

3. An evidentiary hearing may be requested by any party within 60 days to determine the extent of the secured portion of the claims.

Dated: March 13, 2008

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPCY JUDGE